## CARDINALE *v.* LOUISIANA.

No. 76. Argued February 24, 1969.—Decided April 1, 1969.

*Nathan Greenberg* argued the cause and filed a brief for petitioner.

*Preston H. Hufft* argued the cause for respondent. With him on the brief were *Jack P. F. Gremillion,* Attorney General of Louisiana, *William P. Schuler,* Second Assistant Attorney General, and *Leander H. Perez, Jr.*

MR. JUSTICE WHITE delivered the opinion of the Court.

Petitioner brutally murdered a woman near New Orleans, and then fled the State. He had been seen with his victim, and a warrant was issued for his arrest. In the course of his flight petitioner came to Tucson, Arizona, where he decided to surrender. He flagged down a police car and, after an interruption by the police to warn him that he need not speak, that his speech might be used against him, and that he had a right to contact an attorney, was taken to the station house where he poured out a confession. His confession was introduced in its entirety in the subsequent trial for murder in which petitioner was convicted and sentenced to death.

Petitioner does not now contend that his confession was involuntary or that his admission of guilt to the Tucson police was inadmissible in evidence. He objects solely to the admission of those parts of his confession which he argues were both irrelevant and prejudicial in his trial for murder. A Louisiana statute requires that confessions must be admitted in their entirety, La. Rev. Stat. § 15:450, and petitioner contends that this is unconstitutional.

Although certiorari was granted to consider this question, the fact emerged in oral argument that the sole federal question argued here had never been raised, preserved, or passed upon in the state courts below. It was very early established that the Court will not decide federal constitutional issues raised here for the first time on review of state court decisions. In *Crowell* v. *Randell*, 10 Pet. 368 (1836), Justice Story reviewed the earlier cases commencing with *Owings* v. *Norwood's Lessee,* 5 Cranch 344 (1809), and came to the conclusion that the Judiciary Act of 1789, c. 20, § 25, 1 Stat. 85, vested this Court with no jurisdiction unless a federal question was raised and decided in the state court below. "If both of these do not appear on the record, the appellate jurisdiction fails." 10 Pet. 368, 391. The Court has consistently refused to decide federal constitutional issues raised here for the first time on review of state court decisions both before the *Crowell* opinion, *Miller* v. *Nicholls,* 4 Wheat. 311, 315 (1819), and since, *e. g.,* *Safeway Stores, Inc.* v. *Oklahoma Retail Grocers Assn., Inc.,* 360 U. S. 334, 342, n. 7 (1959); *State Farm Mutual Automobile Ins. Co.* v. *Duel,* 324 U. S. 154, 160–163 (1945); *McGoldrick* v. *Compagnie Generale Transatlantique,* 309 U. S. 430, 434–435 (1940); *Whitney* v. *California,* 274 U. S. 357, 362–363 (1927); *Dewey* v. *Des Moines,* 173 U. S. 193, 197–201 (1899); *Murdock* v. *City of Memphis,* 20 Wall. 590 (1875).

In addition to the question of jurisdiction arising under the statute controlling our power to review final judgments of state courts, 28 U. S. C. § 1257, there are sound reasons for this. Questions not raised below are those on which the record is very likely to be inadequate, since it certainly was not compiled with those questions in mind. And in a federal system it is important that state courts be given the first opportunity to consider the applicability of state statutes in light of constitutional challenge, since the statutes may be construed in a way which saves their constitutionality. Or the issue may be blocked by an adequate state ground. Even though States are not free to avoid constitutional issues on inadequate state grounds, *O'Connor* v. *Ohio,* 385 U. S. 92 (1966), they should be given the first opportunity to consider them.

In view of the petitioner's admitted failure to raise the issue he presents here in any way below, the failure of the state court to pass on this issue, the desirability of giving the State the first opportunity to apply its statute on an adequate record, and the fact that a federal habeas remedy may remain if no state procedure for raising the issue is available to petitioner, the writ is dismissed for want of jurisdiction.

*It is so ordered.*

MR. JUSTICE BLACK, MR. JUSTICE DOUGLAS, and MR. JUSTICE FORTAS concur in the dismissal of the writ, believing it to have been improvidently granted.