David JORDAN, et al.,
Plaintiffs-Appellants,

v.

CITY OF GREENWOOD, MISSISSIPPI,
et al., Defendants-Appellees.

No. 82–4150.

United States Court of Appeals,
Fifth Circuit.

Aug. 8, 1983.

Willie J. Perkins, Sr., Solomon C. Osborne, North MS. Rural Legal Services, Greenwood, Miss., Leonard McClellan, Oxford, Miss., for plaintiffs-appellants.

Patricia M. Hanrahan, Washington, D.C., amicus curiae, Lawyers' Comm. for C.R. Under Law.

Jessica Dunsay Silver, Dept. of Justice, Washington, D.C., for U.S., amicus curiae.

Billy B. Bowman, Greenwood, Miss., for defendants-appellees.

Before CLARK, Chief Judge, THORNBERRY and RANDALL, Circuit Judges.

CLARK, Chief Judge:

David Jordan filed suit on behalf of all black residents of Greenwood, Mississippi, challenging that city's at-large commission form of government under the thirteenth and fourteenth amendments and section 2 of the Voting Rights Act, 42 U.S.C. § 1973. The district court found that *City of Mobile v. Bolden,* 446 U.S. 55, 100 S.Ct. 1490, 64 L.Ed.2d 47 (1980), required the plaintiffs to demonstrate that Greenwood's at-large scheme was established or maintained for a discriminatory purpose, 534 F.Supp. 1351, 1364 (N.D.Miss.1982). The court concluded that the plaintiffs had failed to make such a showing. *Id.* at 1368. Judgment was entered for the City.

Three months after the district court's decision was announced, an amendment to section 2 of the Voting Rights Act was signed into law by the President. The old version of section 2 was merely a rephrasing of the fifteenth amendment, *Bolden,* 446 U.S. at 61, 100 S.Ct. at 1496, and thus proscribed only intentional discrimination.

New section 2, on the other hand, outlaws any voting practice that "results in" a denial or abridgement of the right to vote on account of race or color. This change from purpose to effect represents a significant legislative departure from the theory on which *Bolden* was decided.

The parties and *amici* agree that the intervention of new section 2 presents the primary issue on appeal. But they disagree about the course we should take. The City of Greenwood contends that new section 2 is an unconstitutional exercise of Congress's power to enforce the Civil War amendments. According to the City, a law that proscribes unintentional denial of voting rights is neither necessary nor appropriate to effectuate constitutional provisions that proscribe only intentional discrimination. The plaintiffs and *amicus* Lawyers' Committee for Civil Rights Under Law defend new section 2 as a valid exercise of Congress's extensive power to enforce the fourteenth and fifteenth amendments and urge us to find a violation on the basis of the record before us. The United States, also as *amicus curiae,* asserts that new section 2 is constitutional but advises a remand for further proceedings in light of the new standard it establishes.

For the reason outlined briefly below, we take a path not urged by anyone. We decline to reach the question whether new section 2 is constitutional, vacate the judgment of the district court, and remand for further proceedings.

"If there is one doctrine more deeply rooted than any other in the process of constitutional adjudication, it is that we ought not to pass on questions of constitutionality ... unless such adjudication is unavoidable." *Spector Motor Serv., Inc. v. McLaughlin,* 323 U.S. 101, 105, 65 S.Ct. 152, 154, 89 L.Ed. 101 (1944).

■ This tenet takes many forms. *See generally Ashwander v. Tennessee Valley Authority,* 297 U.S. 288, 341–56, 56 S.Ct. 466, 480–87, 80 L.Ed. 688 (1936) (Brandeis, J., concurring). For example, if a case raises both statutory and constitutional questions, the inquiry should focus initially on the statutory question. *E.g., Harris v. McRae,* 448 U.S. 297, 306–07, 100 S.Ct. 2671, 2682, 65 L.Ed.2d 784 (1980); *Bolden,* 446 U.S. at 60, 100 S.Ct. at 1495; *New York Transit Authority v. Beazer,* 440 U.S. 568, 582, 99 S.Ct. 1355, 1364, 59 L.Ed.2d 587 (1979). Moreover, if a constitutional question is presented on appeal, it should not be addressed if there is a possibility the case can be decided on narrower statutory grounds on remand. *Wood v. Georgia,* 450 U.S. 261, 265–66, 101 S.Ct. 1097, 1100–01, 67 L.Ed.2d 220 (1981). *See also Elkins v. Moreno,* 435 U.S. 647, 661–62, 98 S.Ct. 1338, 1346–47, 55 L.Ed.2d 614 (1978) (certifying a possibly dispositive question of state law to the Court of Appeals of Maryland); *White v. United States Pipe & Foundry Co.,* 646 F.2d 203, 206–207 (5th Cir.1981) (reversing the district court for reaching a novel thirteenth amendment claim where the case might have been resolved on statutory grounds). If the lower court finds the statutory ground dispositive, resolution of the constitutional issue will be obviated. *See Alexander v. Louisiana,* 405 U.S. 625, 634, 92 S.Ct. 1221, 1227, 31 L.Ed.2d 536 (1972) ("The State may or may not recharge petitioner, a properly constituted grand jury may or may not return another indictment, and petitioner may or may not be convicted again").

■ This case fits squarely within these principles. On remand, should the district court find that Greenwood's scheme does not violate new section 2, the constitutional issue would become moot. If this occurs, our restraint will have avoided the needless resolution of an important constitutional question.

An additional consideration makes application of this doctrine particularly appropriate in the context of this case. This case was tried and decided in the district court without the benefit of new section 2. The plaintiffs attempted to prove that Greenwood's at-large system was established or maintained for a discriminatory purpose. The City tried to show it was not. The court decided the case on this issue. No party asked the court to consider whether

the at-large scheme had "resulted in" infringement of black voting rights. As the Supreme Court recently noted, "questions not raised below are those on which the record is very likely to be inadequate since it certainly was not compiled with those questions in mind." *Illinois v. Gates,* —— U.S. ——, ——, 103 S.Ct. 2317, 2323, 76 L.Ed.2d 527 (1983) (quoting *Cardinale v. Louisiana,* 394 U.S. 437, 439, 89 S.Ct. 1161, 1163, 22 L.Ed.2d 398 (1969)). The Court's statement is descriptive of this case. Without adequate factual development we should be very hesitant to reach constitutional questions. *W.E.B. Dubois Clubs of America v. Clark,* 389 U.S. 309, 312, 88 S.Ct. 450, 452, 19 L.Ed.2d 546 (1967) (cautioning against deciding important constitutional questions "devoid of factual context"). Failure to adhere to this principle risks "the framing of broad rules, seemingly sensible on one set of facts, which may prove ill-considered in other circumstances." *Gates,* —— U.S. at ——, 103 S.Ct. at 2325. Resolution of the important question of constitutional law presented by this appeal must await another day, if not another case.

VACATED AND REMANDED.