Charles Ben HOWELL,
Plaintiff-Appellant,

v.

STATE BAR OF TEXAS, et al.,
Defendants-Appellees.

No. 81–1069.

United States Court of Appeals,
Fifth Circuit.

Aug. 1, 1983.

Opinion on Denial of Rehearings
Sept. 26, 1983.

McCorkle, Westerburg & Felton, Tom S. McCorkle, Dallas, Tex., for plaintiff-appellant.

Jerry L. Zunker, Austin, Tex., for defendants-appellees.

Franklin Jones, Jr. and Jerry L. Zunker, Steven D. Peterson, First Asst. Gen. Counsel, State Bar of Texas, Steven L. Lee, Austin, Tex., for State Bar of Texas.

## ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before CLARK, Chief Judge, THORN-BERRY and GARZA, Circuit Judges.

CLARK, Chief Judge:

In our prior opinion in this case, 674 F.2d 1027, we reversed the district court's ruling that it lacked subject matter jurisdiction. The Supreme Court, —— U.S. ——, 103 S.Ct. 1515, 75 L.Ed.2d 942, vacated our judgment and remanded the case to us for further consideration in light of its recent decision in *District of Columbia Court of Appeals v. Feldman,* —— U.S. ——, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). With the benefit of the Court's analysis in *Feldman,* we now conclude that the district court lacked jurisdiction to decide most of Howell's claims. But because the court did have jurisdiction over one of Howell's claims, we partially reinstate our prior decision to remand.

In our original opinion, we began our analysis by noting that, as a general rule, federal district courts have no authority to review state court disciplinary proceedings. *Feldman* confirmed that observation, 103 S.Ct. at 1311. *See also Atlantic Coast Line R. Co. v. Engineers,* 398 U.S. 281, 296, 90 S.Ct. 1739, 1747, 26 L.Ed.2d 234 (1970); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415, 416, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923); *Kimball v. Florida Bar,* 632 F.2d 1283, 1284 (5th Cir.1980); *Sawyer v. Overton,* 595 F.2d 252, 252 (5th Cir.1979). Our opinion, however, went on to discuss the exception to the general rule created in *Dasher v. Supreme Court of Texas,* 658 F.2d 1045 (5th Cir.1981). In that case, this court held that federal district courts have jurisdiction to decide certain federal claims that have not been presented in the state court. *Id.* at 1049–50. We reasoned:

The record gives no indication that [the plaintiff] asserted the federal constitutional claims which are the basis of her § 1983 action ... in the Texas Supreme Court. Since 28 U.S.C. § 1257(3) authorizes the Supreme Court to review only judgments in state court cases in which a federal issue was raised and adjudicated, ... it is apparent that [the plaintiff's] case could not have been reviewed on a writ of certiorari from the United States Supreme Court following the Texas Supreme Court's denial of her motion. Since [the plaintiff's] § 1983 complaint states claims for relief grounded in federal constitutional rights, claims which were not presented to the Texas Supreme Court, her § 1983 suit does not constitute an impermissible effort to seek review of a state court judgment in a lower federal court.

*Id.* at 1051.

The court in *Feldman* branded the *Dasher* reasoning as "flawed." *Id.* 103 S.Ct. at 1315–16 n. 16. It explained:

As we noted in *Atlantic Coast Line R. Co. v. Engineers,* 398 U.S. 281 [90 S.Ct. 1739, 26 L.Ed.2d 234] (1970), "lower federal courts possess no power whatever to sit in direct review of state court decisions." *Id.* at 296 [90 S.Ct. at 1748]. If the constitutional claims presented to a United States District Court are inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's application for admission to the state bar, then the District Court is in essence being called upon to review the state court decision. This the District Court may not do.

Moreover, the fact that we may not have jurisdiction to review a final state court judgment because of a petitioner's failure to raise his constitutional claims in state court does not mean that a United States District Court should have jurisdiction over the claims. By failing to raise his claims in state court a plaintiff may forfeit his right to obtain review of the state court decision in any federal court. This result is eminently defensible on policy grounds. We have noted the

competence of state courts to adjudicate federal constitutional claims. *See, e.g., Sumner v. Mata,* 449 U.S. 539, 549 [101 S.Ct. 764, 770, 66 L.Ed.2d 722] (1981); *Allen v. McCurry,* 449 U.S. 90, 105 [101 S.Ct. 411, 420, 66 L.Ed.2d 308] (1980); *Swain v. Pressley,* 430 U.S. 372, 383 [97 S.Ct. 1224, 1230, 51 L.Ed.2d 411] (1977). We also noted in *Cardinale* [*v. Louisiana,* 394 U.S. 437, 89 S.Ct. 1161, 22 L.Ed.2d 398] that one of the policies underlying the requirement that constitutional claims be raised in state court as a predicate to our certiorari jurisdiction is the desirability of giving the state court the first opportunity to consider a state statute or rule in light of federal constitutional arguments. A state court may give the statute a saving construction in response to those arguments. 394 U.S. at 439 [89 S.Ct. at 1163].

Finally, it is important to note in the context of this case the strength of the state interest in regulating the state bar. As we stated in *Goldfarb v. Virginia State Bar,* 421 U.S. 773 [95 S.Ct. 2004, 44 L.Ed.2d 572] (1975), "the interest of the States in regulating lawyers is especially great since lawyers are essential to the primary governmental function of administering justice, and have historically been 'officers of the courts.'" *Id.* at 792 [95 S.Ct. at 2016]. *See also Middlesex County Ethics Committee v. Garden State Bar Assn., supra* [457 U.S. 423] at 434 [102 S.Ct. 2515, 2523, 73 L.Ed.2d 116]; *Leis v. Flynt,* 439 U.S. 438, 442 [99 S.Ct. 698, 700, 58 L.Ed.2d 717 (1979). In *Mackay v. Nesbett,* 412 F.2d 846 (CA9 1969), the court stated:

[O]rders of a state court relating to the admission, discipline, and disbarment of members of its bar may be reviewed only by the Supreme Court of the United States on certiorari to the state court, and not by means of an original action in a lower federal court. The rule serves substantial policy interests arising from the historic relationship between state judicial systems and the members of their respective bars, and between the state and federal judicial systems. *Id.* at 846.

*Id.*

In the instant case, all but one of the constitutional claims Howell presented to the district court are "inextricably intertwined" with the Texas State Court's repri-

mand of Howell in a judicial proceeding. For example, he alleged that he was deprived of his right to a jury trial as well as his right to a fundamentally fair trial. With respect to these claims, Howell has done nothing more than ask the district court to sit as an appellate court and review the state court judgment. As the Supreme Court perfunctorily stated, "[t]his the District Court may not do."

Howell also mounted a general constitutional challenge to the state's disciplinary scheme. In his original complaint, Howell alleged: "The said [disciplinary] rules upon their face are void as repugnant to Due Process, the Equal Protection and the Privileges and Immunities Clauses of the Fourteenth Amendment to the United States Constitution."

In *Feldman,* the court stated:

Challenges to the constitutionality of state bar rules, therefore, do not necessarily require a United States District Court to review a final state court judgment in a judicial proceeding. Instead, the District Court may simply be asked to assess the validity of a rule promulgated in a non-judicial proceeding. If this is the case, the District Court is not reviewing a state court judicial decision. In this regard, 28 U.S.C. § 1257 does not act as a bar to the District Court's consideration of the case and because the proceedings giving rise to the rule are non-judicial the policies prohibiting United States District Court review of final state court judgments are not implicated. United States District Courts, therefore, have subject matter jurisdiction over general challenges to state bar rules, promulgated by state courts in non-judicial proceedings, which do not require review of a final state court judgment in a particular case.

*Feldman,* 103 S.Ct. at 1316–17. This language conclusively demonstrates that the district court has jurisdiction to address Howell's general constitutional attack on the Texas disciplinary scheme.

Howell argues that the jurisdictional principles set out in *Feldman* should not be applied in this case because, when the district court first denied his motion for a preliminary injunction, it said: "Plaintiff of course has the right to raise federal constitutional issues in federal court, should that prove necessary after the state court proceeding is completed. *England v. [Louisiana State] Board of Medical Examiners,* 375

U.S. 411 [, 84 S.Ct. 461, 11 L.Ed.2d 440] (1964)." We pointed out in our original opinion that the district court's statement was wrong. The *England* reservation mechanism applies only in the event of a *Pullman* abstention. This was not such a case. A district court's erroneous interpretation of the law, even when combined with a litigant's asserted reliance on the error, cannot create federal jurisdiction where it would not otherwise exist.

For the reasons discussed in part III of our original opinion, which we will not repeat here, Howell is not collaterally estopped from pressing his facial attack on the validity of the Texas disciplinary scheme. In conclusion, we remand only with respect to the general challenge to the disciplinary scheme and direct the district court to dispose of that claim on the merits. With respect to all other claims presented by Howell, the district court lacks subject matter jurisdiction. The judgment appealed from is

AFFIRMED IN PART and REVERSED IN PART.

## ON PETITIONS FOR REHEARING

PER CURIAM:

In holding that Howell alleged a general constitutional challenge to the state's disciplinary scheme, we incorrectly referred to the original complaint. We should have considered Howell's amended complaint since it displaced his original complaint. The error is one of form not substance since the amended complaint asserts a similar general constitutional attack based on the first and fourteenth amendments. *District of Columbia Court of Appeals v. Feldman*, —— U.S. ——, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), establishes that the district judge has jurisdiction to decide this constitutional challenge to the Texas disciplinary procedure. The petitions for rehearing are DENIED.