IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-30543
Summary Calendar
_____

RODNEY ALLEN REVERE,

                                        Plaintiff-Appellant,

versus

MIKE FOSTER, GOVERNOR, STATE OF LOUISIANA;
RICHARD IEYOUB; PASCAL F. CALOGERO, JR.;
WALTER F. MARCUS, JR.; BERNETTE JOHNSON;
JEFFERY VICTORY; JEANETTE KNOLL; CHET TRAYLOR;
CATHERINE D. KIMBALL, Honorable; HARRY LEMON,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 99-CV-610-B
_____
October 24, 2000

Before POLITZ, HIGGINBOTHAM, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

    Rodney Allen Revere, Louisiana prisoner #121826, appeals the dismissal of his

42 U.S.C. § 1983 action without prejudice to his right to raise the same claims in a

habeas corpus proceeding.  In his § 1983 complaint Revere maintained that his due-

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

process and equal-protection rights were violated in state proceedings because he was denied certain procedural safeguards which he submits are mandatory under the relevant provisions of the Louisiana Code of Criminal Procedure. Specifically, Revere contends that a state trial court deprived him of a hearing when denying his motions for recusal and for production of the district attorney's file, and failed to order an answer from the respondent when denying his postconviction application. According to Revere, the Louisiana Supreme Court denied his request for discretionary review, while Governor Mike Foster and Attorney General Richard Ieyoub denied a "request for compliance." Revere's complaint seeks the issuance of orders directing that he be provided with these procedural safeguards.

We affirm the district court's dismissal of Revere's civil rights action but for different reasons than those assigned *à quo*.[1] By requesting that he be given the benefit of certain procedural safeguards, Revere effectively petitioned the district court to vacate the state courts' decisions on these matters so that they could be reconsidered after the claimed safeguards were made available. Revere's complaint, stripped to essentials, would have the district court sit as an appellate court and have it review the state courts' judgments. It is well settled, however, that federal district courts lack jurisdiction under § 1983 to review, modify, or nullify the final judgment of a state court.[2] Accordingly, the district court's dismissal of Revere's civil rights action is

---

[1]Underwood v. Wilson, 151 F.3d 292 (5th Cir. 1998) (stating that this court may affirm the district court's dismissal of a § 1983 suit on valid alternative grounds).

[2]Kimball v. The Florida Bar, 632 F.2d 1283 (5th Cir. 1980).

AFFIRMED for lack of subject matter jurisdiction.[3]

[3]Hagerty v. Succession of Clement, 749 F.2d 217 (5th Cir. 1984); Howell v. State Bar of Texas, 710 F.2d 1075 (5th Cir. 1983).