Judith A. MARTYAK, Plaintiff,

v.

Stephen N. MARTYAK, and Third Party Defendants the Honorable Sandra McSorley, in her official capacity, Fifteenth Judicial Circuit Court of Florida, the Honorable Edward Fine, Chief Judge, in his official capacity, and Florida Department of Revenue, Defendants.

No. 04–80782–CIV–ZLOCH.

United States District Court,
S.D. Florida.

June 3, 2005.

Mark D. Kairalla, Esquire, Glenn, Tittle & Kairalla, West Palm Beach, FL, Counsel for Plaintiff.

John Neil Buso, Esquire, West Palm Beach, FL, Counsel for Defendant Stephen N. Martyak.

### FINAL ORDER OF REMAND AND FOR ATTORNEYS' FEES

ZLOCH, Chief Judge.

THIS MATTER is before the Court upon Defendant Judith A. Martyak's Motion For Remand To State Court And Prayer For Award Of Attorney's Fees Pursuant To 28 U.S.C. 1447(c) (DE 3). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

### I. *Background*

The Court notes that the above-styled cause arises from dissolution of marriage proceedings initiated by Judith A. Martyak (hereinafter "Mrs. Martyak") in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County in 1991. A Final Judgment was entered in those proceedings on June 24, 1991 and that Court awarded Mrs. Martyak alimony in the amount of $4,000 per month until she remarries or until she or her former husband are deceased. *See* DE 4, Ex. 1. Mrs. Martyak's former husband, Stephen N. Martyak (hereinafter "Mr. Martyak"), subsequently appealed that Final Judgment to the Florida Fourth District Court of Appeals, and that Court affirmed the aforementioned Final Judgment without opinion on February 10, 1993. *Martyak v. Martyak*, 613 So.2d 42 (Fla.Dist.Ct.App.1993); *see also* DE 1, Complaint, ¶ 92. Mr. Martyak subsequently took several additional appeals in the divorce proceedings, at least two of which followed the trial Court's entry of Orders finding Mr. Martyak in contempt for failure to pay alimony and ordering that he be taken into custody until such time as his arrearage was paid.

*See Martyak v. Martyak*, 873 So.2d 405 (Fla.Dist.Ct.App.2004) and *Martyak v. Martyak*, 881 So.2d 48 (Fla.Dist.Ct.App. 2004).

Mr. Martyak initiated the above-styled cause on August 23, 2005 by filing a Notice of Removal (DE 1) and a Complaint (DE 1, Attached) (cited hereinafter "Comp."). The aforementioned Complaint alleges that enforcement of Florida Statutes Chapter 61.08, entitled "Alimony," violates Mr. Martyak's federal and state rights. Specifically, Mr. Martyak claims that enforcement of the aforementioned alimony provision violates (1) the right of privacy protected by the Due Process clause of the Fourteenth Amendment of the United States Constitution and Article One, Section 23 of the Florida Constitution; (2) the Equal Protection clause of the Fourteenth Amendment of the United States Constitution and Article 1, Section 2 of the Florida Constitution; (3) the right to be free from involuntary servitude as protected by the Thirteenth Amendment of the United States Constitution; (4) the inalienable basic rights articulated in Article One, Section 2 of the Florida Constitution; and (5) the holding of the Florida Supreme Court in *Connor v. Southwest Florida Regional Medical Center, Inc.*, 668 So.2d 175 (Fla. 1995). Mr. Martyak seeks relief in the form of a declaration from this Court that Florida Statutes Chapter 61.08 infringes on various constitutional rights, an injunction prohibiting enforcement of any order predicated upon the same, and an award of damages in the amount he has paid to Mrs. Martyak under the Final Judgment pursuant to the challenged statute.

The Court notes that due to his manner of initiating the above-styled cause, it is difficult to determine whether Mr. Martyak intended to initiate a new federal action commenced with the filing of his Complaint, or remove the underlying state

dissolution of marriage proceedings with the filing of his Notice of Removal. Mr. Martyak himself appears to be confused on the issue. *See* DE 1, p. 1 ("STEPHEN N. MARTYAK, through counsel, hereby gives notice of removal of the civil action styled *Judith A. Martyak v. Stephen N. Martyak* Case No.: 91–96FD . . . ."). *But see* Comp., ¶ 3 (stating that the action arises from Mr. Martyak's injury in fact, and failing to invoke the aforementioned divorce proceedings).

The Court further notes that argument from Mrs. Martyak seemed unable to inspire her former husband to acquaint himself with the proper procedure for initiating federal litigation. In his Memorandum (DE 9) opposing the instant Motion (DE 3), Mr. Martyak responds to his former wife's colorable argument that the above-styled cause is inextricably intertwined with the underlying state court Judgment by asking, "De facto, all cases removed from state court to federal court are intertwined with the state case, aren't they?" *See* DE 9, p. 5. This question evidences Mr. Martyak's failure to understand that a removed action is not just "intertwined" with the state action, but actually *is* the state action, now taking place in a new venue. Contrary to Mr. Martyak's assertion in his Memorandum (DE 9) opposing the instant Motion (DE 3), the Court is unaware of any procedural rule allowing dissolution of marriage proceedings to "morph into a constitutional law and civil rights violation proceeding" upon action of the parties thereto, removal or otherwise. *See* DE 9, p. 3. Additionally, the Court notes that Mr. Martyak's Complaint alleges that this Court has jurisdiction over the above-styled cause pursuant, not only to 28 U.S.C. § 1331, but to the removal provisions of §§ 1441 and 1446. Accordingly, the Court construes the above-styled cause as an attempt to remove the underlying state dissolution of marriage proceedings, and construes Mr. Martyak's Complaint as an attempt to state counterclaims against Mrs. Martyak and various Third Party Defendants.

## II. The Rooker–Feldman Doctrine

The Court notes that the federal courts are courts of limited jurisdiction. The presumption, in fact, is that a federal court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists. *Fitzgerald v. Seaboard System Railroad, Inc.*, 760 F.2d 1249 (11th Cir.1985). In his Notice of Removal (DE 1), Mr. Martyak invokes this Court's federal question jurisdiction pursuant 28 U.S.C. § 1331, which he further supports by attempting to state certain claims arising under the Constitution of the United States. The Court notes, however, that invocation of the Constitution does not necessarily establish this Court's jurisdiction over a case because " 'a United States District Court has no authority to review final judgments of a state court in judicial proceedings. Review of such judgments may be had only in [the United States Supreme Court].' " *Powell v. Powell*, 80 F.3d 464, 466 (11th Cir.1996) (*quoting Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983)). The Court further notes that there are two statutory bases for the aforementioned holding: "(1) 28 U.S.C. § 1257, which limits federal review of state court proceedings to the United States Supreme Court, and (2) 28 U.S.C. § 1331, which provides that federal district courts are courts of original jurisdiction." *Id.* (*citing Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923)).

This *Rooker–Feldman* doctrine bars federal district court review not only of "claims actually raised in the state court, but also [of] claims that were not raised in the state court but are inextricably intertwined with the state court's judgment." *Id.* (interior quotation omitted).

So while this Court has jurisdiction over claims arising under the United States Constitution pursuant to 28 U.S.C. 1331, "[i]f the constitutional claims presented to a United States District Court are inextricably intertwined with the state court's [decision] ... in a judicial proceeding ... then the District Court is in essence being called upon to review the state court decision. This the District Court may not do." *Feldman*, 460 U.S. at 482 n. 16, 103 S.Ct. 1303. Finally, the Court notes that the United States Court of Appeals for the Eleventh Circuit has established a limit to the application of the *Rooker–Feldman* doctrine, holding that the doctrine "can apply only to issues that the plaintiff had a reasonable opportunity to raise" in the state court proceedings. *Wood v. Orange County*, 715 F.2d 1543, 1547 (11th Cir. 1983).

██ In the above-styled cause, the Court finds that the validity of the 1991 Final Judgment necessarily depended on the validity of Florida's alimony statute. While Mr. Martyak claims that he is "not requesting that a state court judgment be overturned, altered, [or] modified," Comp., ¶ 17, he asks this Court to pass on the validity of one of the bases for a state Final Judgment, prohibit enforcement of that Final Judgment, and award him damages in the amount paid to Mrs. Martyak pursuant to the Final Judgment. The Court finds, therefore, that the claims of which Mr. Martyak seeks consideration in filing his Notice of Removal are inextricably intertwined with the aforementioned Final Judgment, and that pursuant to the above-cited language from *Feldman*, he impermissibly asks this Court to sit in review of that same Final Judgment.

Furthermore, although Mr. Martyak claims that he has not raised the federal claims asserted in the above-styled cause at the state level, there can be no doubt that he had a reasonable opportunity to do so. In fact, as noted above, Mr. Martyak took at least two appeals challenging the manner in which the trial court was attempting to enforce the alimony provision of the Final Judgment. Those appeals presented Mr. Martyak with the opportunity to argue the claims he now seeks to have addressed by this Court, namely that Florida's alimony provision infringes on his constitutionally protected rights. Mr. Martyak makes that argument here by invoking various decisions of the Supreme Court which he characterizes as creating a "Privacy Protected Zone" regarding "personal decisions related to marriage." Comp., ¶ 35. Featured prominently is the statement that "[a]t the heart of liberty is the right to define one's own concept of existence, of meaning, of the universe, and of the mystery of human life." *Planned Parenthood of Southeastern Pennsylvania v. Casey*, 505 U.S. 833, 859, 112 S.Ct. 2791, 120 L.Ed.2d 674 (1992). It may be an interesting question as to how the Supreme Court's due process jurisprudence, as embodied in the aforementioned "famed sweet-mystery-of-life passage," *Lawrence v. Texas*, 539 U.S. 558, 588, 123 S.Ct. 2472, 156 L.Ed.2d 508 (2003) (Scalia, J., dissenting), relates to someone whose concept of the universe does not include paying court ordered alimony to his former wife. That question, however, may not be considered by this Court upon the initiating of an action that, in essence, asks it to sit in review of already extensive state proceedings.[1]

---

1. As noted above, it is well established that federal review of state decisions of the type raised in the above-styled cause may take place only by the United States Supreme Court by writ of certiorari. *See* 28 U.S.C. § 1257. The Court notes, however, that the Supreme Court will not consider federal constitutional challenges raised before it for the first time. *Cardinale v. Louisiana*, 394 U.S. 437, 438, 89 S.Ct. 1161, 22 L.Ed.2d 398 (1969). By failing to raise any federal chal-

### III. *Attorney Fees*

■■ The instant Motion For Remand (DE 3) includes a request by Mrs. Martyak for the attorneys' fees incurred as a result of Mr. Martyak's attempted removal. The Court notes that 28 U.S.C. § 1447(c) provides that any order remanding a case to state court may require the payment of just costs, including attorney fees, incurred as a result of the removal. The Court further notes that any award of attorneys' fees under § 1447(c) is discretionary, *Hobbs v. Blue Cross Blue Shield of Alabama,* 276 F.3d 1236, 1243 (11th Cir.2001), and does not require a finding of bad faith on the part of the removing party "since the intent of [§ 1447(c) ] is to reimburse Plaintiffs who have incurred expenses in attacking improper removals." *Liebig v. DeJoy,* 814 F.Supp. 1074, 1077 (M.D.Fla.1993) (*citing Moore v. Permanente Medical Group, Inc.,* 981 F.2d 443 (9th Cir.1992) and *Morgan Guaranty Trust Co. of New York v. Republic of Palau,* 971 F.2d 917 (2nd Cir.1992)). Mrs. Martyak states that she has incurred fees in the amount of $9,900.00 with the firm of Peggy Rowe–Linn, P.A. and $3,685.00 with the firm of Tittle & Kairalla, P.A. and requests a total award of $13,585.00 for services rendered at the time of the filing of the instant Motion (DE 3). Mr. Martyak opposes an award of attorneys' fees and in support thereof argues that his attempted removal raised novel questions of unsettled law, that Mrs. Martyak has unclean hands because of her participation in state contempt hearings, and that the amount requested is unreasonable.

The Court begins by finding Mr. Martyak's assertion that he raised novel questions of law to be without merit. While Mr. Martyak's approach to initiating federal litigation may be novel, it is well settled that a federal district court may not exercise jurisdiction over a matter where it is in essence being asked to sit in review of a state court final decision. Simply stating that he, in fact, is not asking for such review cannot take this case outside the ambit of *Rooker–Feldman* when he also asks the Court to consider the constitutionality of a statute upon which the 1991 Final Judgment was based, prohibit enforcement of the Judgment and order the return of all monies paid under the Judgment. The Court further finds that Mrs. Martyak does not request attorneys' fees with unclean hands simply because she attended a court ordered hearing addressing Mr. Martyak's alleged contempt.

Finally, the Court turns to the reasonableness of Mrs. Martyak's request. Mrs. Martyak states that her attorney Peggy Rowe–Linn, Esquire, spent 33 hours working on issues resulting from the removal of the above-styled cause, and that she has agreed to compensate the firm at the rate of $300.00 per hour. A review of the itemized summary of services rendered submitted by Ms. Rowe–Linn's firm, DE 4, Ex. 6, reveals inordinately extensive time spent engaging in telephone conferences, as well as research and drafting efforts duplicative of those engaged in by Mrs. Martyak's second attorney, Mark D. Kairalla, Esquire. The Court finds compensation for 22 hours incurred as the result of Mr. Martyak's removal to be a more reasonable measure.

Mrs. Martyak further states that Mr. Kairalla spent 17 hours working on issues arising from the instant removal, and that she agreed to compensate him at rate of $225.00 per hour. Upon review of the itemized summary of services rendered submitted by Mr. Kairalla's firm, DE 4,

lenges to Florida's alimony statute during the protracted state proceedings, which failure Mr. Martyak frankly admits, he may have forfeited any hope he had of gaining federal review of the same. *See Id.* and *Feldman,* 460 U.S. at 482, n. 16, 103 S.Ct. 1303.

Ex. 7, and again noting the duplicative efforts of Mr. Kairalla and Ms. Rowe–Linn, the Court finds that Mrs. Martyak is entitled to an award for 10 hours spent working on the removal by Mr. Kairalla. Accordingly, the Court finds the just costs incurred by Mrs. Martyak as a result of the removal of the above-styled cause to be 22 hours expended by Ms. Rowe–Linn at a rate of $300.00 per hour and 10 hours expended by Mr. Kairalla at a rate of $225.00 per hour, for a total of $8,850.00.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendant Judith A. Martyak's Motion For Remand To State Court And Prayer For Award Of Attorney's Fees Pursuant To 28 U.S.C. 1447(c) (DE 3) be and the same is hereby **GRANTED**;

2. The above-styled cause is **RE-MANDED** to the state forum for further proceedings in that this Court lacks subject matter jurisdiction over the same;

3. Pursuant to 28 U.S.C. § 1447(c), Judith A. Martyak does have and recover from Stephen N. Martyak attorneys' fees in the amount of $8,850 incurred as a result of the removal of the above-styled cause, for all of which let execution issue; and

4. To the extent not otherwise disposed of herein, all pending Motions be and the same are hereby **DENIED** as moot.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Clerk of the United States District Court, Southern District of Florida, be and the same is hereby directed to forward a certified copy of this Order to the Clerk of the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, Case No. CD 91–96 FD.