# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 10, 2011

No. 10-30250

Lyle W. Cayce
Clerk

ROBERT H. DIXEY, II,

Plaintiff - Appellant

v.

ALLSTATE INSURANCE COMPANY,

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CV-4443

Before JONES, Chief Judge, and JOLLY and GARZA, Circuit Judges.

PER CURIAM:*

Robert H. Dixey's property was insured with Allstate Insurance Company. In the aftermath of Hurricane Katrina, which had damaged his property on August 29, 2005, Dixey filed a claim with Allstate; Allstate subsequently paid him $1,205.30 on his claim. Feeling shortchanged, Dixey brought suit against

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30250

Allstate on July 21, 2009. Allstate argued that Dixey's suit was contractually barred as untimely,[1] but Dixey argued that *Louisiana v. AAA Insurance*, a class action that had been filed on August 23, 2007, tolled the contractual limitation period. The district court held that no class action could toll a contractual limitation period and granted Allstate a judgment on the pleadings.

Dixey appealed to this court, and we held the appeal in abeyance awaiting the Louisiana Supreme Court's decision in *Taranto v. La. Citizens Prop. Ins. Corp.*, which has now been decided. *See* -- So.3d ---, 2011 WL 880323 (La. Mar. 15, 2011). *Taranto* appears to have changed -- or at least clearly established -- the applicable law. Specifically, it held that one year time limitation periods in insurance contracts are subject to Article 596 tolling, reasoning that these one year limitation periods merely reflect the statutorily-mandated limitation period. *Id.* at *10.

In their post-*Taranto* letter briefs that were submitted to this court, the parties have now raised several additional issues related to the timeliness of this action that respond to the holding of *Taranto*. These issues appear to be at least in part factual, and the record before us does not address them with any clarity. Consequently, we **REVERSE** and **VACATE** the district court's judgment and **REMAND** this case for further consideration in the light of *Taranto*.[2]

---

[1] Allstate concedes that Dixey had until August 29, 2007, to file suit.

[2] We are aware that the district court expressed some concern that LA. CODE CIV. PROC. ANN. art. 596 may be unconstitutional if it is applicable to the contractual limitation period at issue here. Allstate urges us to rule that Article 596 is unconstitutional. We do not address this argument because, if the case can be decided under Louisiana law, we should avoid the constitutional question. *Jordan v. City of Greenwood*, 711 F.2d 667, 669 (5th Cir. 1983) ( "[I]f a constitutional question is presented on appeal, it should not be addressed if there is a possibility the case can be decided on narrower statutory grounds on remand."). Of course, if the district court determines that Louisiana law does not resolve the question, it would then be appropriate to address whether Article 596 impairs the obligation of private contracts under the Louisiana and United States Constitutions.