719 S.E.2d 640

Heather HERRON, Natalie Armstrong, Michael Ritz, Julie Freeman, Christine Watts, Alison Dannert, Michael Blease and Michael Watts, Individually and for the Benefit of All Car Buyers Whom Paid "Administrative Fees" as Described below to Defendants, Respondents,

v.

CENTURY BMW a/k/a Sonic Automotive, Dick Dyer & Associates, Inc., Galeana Chrysler Plymouth, Inc., a/k/a Galeana Chrysler Jeep, Inc., J.L.H. Investments LP, a/k/a Hendrick Honda, Overland, Inc., d/b/a Land Rover of Columbia, Taylor Toyota, a/k/a Taylor Investments, and Toyota of Greenville, Inc., et. al., Defendants

of whom Century BMW a/k/a Sonic Automotive is the Appellant.

No. 26805.

Supreme Court of South Carolina.

Reheard Nov. 1, 2011.

Refiled Dec. 19, 2011.

462

Dennis M. Black, and Ryan L. VanGrack, of Williams & Connolly, of Washington, Steven W. Hamm and C. Jo Anne Wessinger–Hill, of Richardson, Plowden & Robinson, of Columbia, for Appellant.

A. Camden Lewis and Ariail E. King, of Columbia, Richard A. Harpootlian, of Columbia, Edwin Grey Wicker and Michael E. Spears, both of Spartanburg, and Gedney M. Howe, III, of Charleston, for Respondents.

Justice KITTREDGE.

This case returns to us on remand from the United States Supreme Court to reconsider our opinion in *Herron v. Century BMW*[1] in light of its decision in *AT&T Mobility LLC v. Concepcion*.[2] Because the issue of preemption was not preserved for review in the South Carolina proceedings, we reinstate our initial opinion.

## I.

The underlying action originally came before this Court on appeal of the trial court's denial of Appellant Century BMW's

1.  387 S.C. 525, 693 S.E.2d 394 (2010).

2.  — U.S. —, 131 S.Ct. 1740, 179 L.Ed.2d 742 (2011).

motion to compel arbitration. We affirmed in result the trial court's denial of the motion to compel.[3]

Following our decision, Appellant filed a petition for rehearing, contending this Court's opinion was "inconsistent with the United States Supreme Court's recent decision in *Stolt–Nielsen S.A. v. AnimalFeeds International Corp.*"[4] Appellant stated that pursuant to *Stolt–Nielsen*, "[t]he [Federal Arbitration Act] clearly preempts South Carolina law, as this Court construed it" and "[i]f a party cannot be compelled to class arbitration absent an agreement to arbitrate as a class, a fortiori the FAA preempts any public policy requiring class arbitration even where the parties agreed not to arbitrate as a class." In our order denying rehearing, we emphasized that our opinion was "wholly based on state law grounds, namely a provision in a contract banning class action suits is invalid pursuant to the Dealers Act[5] and the public policy of this State." We further admonished Appellant for attempting to reframe the issues and miscast our holding as "disingenuous to the opinion and a holding we never made."

Thereafter, Appellant petitioned the United States Supreme Court for a writ of certiorari. Although the issue was not raised to the trial court or this Court, Appellant presented the following question in its certiorari petition:

> Whether the Federal Arbitration Act preempts a state law invalidating a prohibition on class arbitration contained in an arbitration agreement.

This Court's opinion was vacated by the United States Supreme Court and remanded for consideration in light of its decision in *AT&T Mobility LLC v. Concepcion.* Respondents argue that the matter of preemption was not preserved in the South Carolina proceedings. We agree and therefore adhere to our initial opinion.

---

**3.** A detailed summary of the underlying facts and the Court's reasoning for that decision can be found in our original opinion.

**4.** — U.S. —, 130 S.Ct. 1758, 176 L.Ed.2d 605 (2010).

**5.** The full title of the Act is the South Carolina Regulation of Manufacturers, Distributors, and Dealers Act, S.C.Code Ann. § 56–15–10 *et seq.* (2007).

## II.

### A.

Appellant contends that the issue of whether the FAA preempted state law, which it raised to the United States Supreme Court, was sufficiently preserved in the state court proceedings because Appellant referenced the state and federal policies favoring arbitration in its filings.[6] We disagree.

"Issue preservation rules are designed to give the trial court a fair opportunity to rule on the issues, and thus provide us with a platform for meaningful appellate review." *Queen's Grant II Horizontal Prop. Regime v. Greenwood Dev. Corp.*, 368 S.C. 342, 373, 628 S.E.2d 902, 919 (Ct.App.2006). At a minimum, issue preservation requires that an issue be raised to and ruled upon by the trial judge. *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998). It is "axiomatic that an issue cannot be raised for the first time on appeal." *Id.* Imposing such a requirement on the appellant "is meant to enable the lower court to rule properly after it has considered all relevant facts, law, and arguments." *I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 422, 526 S.E.2d 716, 724 (2000).

Constitutional arguments are no exception to the preservation rules, and if not raised to the trial court, the issues are deemed waived on appeal. *Glover v. County of Charleston*, 361 S.C. 634, 606 S.E.2d 773 (2004) *overruled on other grounds by Byrd v. City of Hartsville*, 365 S.C. 650, 620 S.E.2d 76 (2005); *see also Grant v. S.C. Coastal Council*, 319 S.C. 348, 461 S.E.2d 388 (1995) (holding that a due process claim raised for the first time on appeal was not preserved);

---

6. At oral argument on rehearing, counsel for Appellant went beyond its brief and claimed it had made the argument to the effect that "federal law controls," and that such argument was sufficient to preserve the preemption argument. We would agree that the argument was preserved if Appellant had ever made that argument in any manner related to the issue of preemption, but it did not. Just as the word "preemption" appears nowhere in the briefs filed with this Court, neither does the argument that the "federal law controls." In short, Appellant presented no argument (prior to its rehearing petition) that could reasonably be construed to embrace the matter of preemption.

*Merriman v. Minter*, 298 S.C. 110, 378 S.E.2d 441 (1989) (refusing to consider an equal protection challenge to a statute on appeal where it was not raised to the trial court).

Of course, a party is not required to use the exact name of a legal doctrine in order to preserve the issue. *See State v. Russell*, 345 S.C. 128, 546 S.E.2d 202 (Ct.App.2001) (finding issue was preserved even though defendant did not use exact words "corpus delicti" in his request for a directed verdict). Nonetheless, the issue must be sufficiently clear to bring into focus the precise nature of the alleged error so that it can be reasonably understood by the judge. *Wilder Corp.*, 330 S.C. at 76, 497 S.E.2d at 733; *see also S.C. Dep't of Transp. v. First Carolina Corp. of S.C.*, 372 S.C. 295, 641 S.E.2d 903 (2007) (finding that although SCDOT did not phrase objection in the exact terms used in the issues on appeal, the objection was sufficiently specific to allow the trial court to rule on the issue).

Our appellate rules also offer guidance. "Ordinarily, no point will be considered on appeal which is not set forth in the statement of the issues on appeal." Rule 208(b)(1)(B), SCACR. When an issue is not specifically set out in the statements of issues, the appellate court may nevertheless consider the issue if it is *reasonably clear* from an appellant's arguments. *See Eubank v. Eubank*, 347 S.C. 367, 555 S.E.2d 413 (Ct.App.2001) (finding the statement of issue, when read in conjunction with the argument, sufficiently raised the issue to the court). However, "[e]very ground of appeal ought to be so distinctly stated that the reviewing court may at once see the point which it is called upon to decide without having to 'grope in the dark' to ascertain the precise point at issue." *Jones v. Lott*, 387 S.C. 339, 346, 692 S.E.2d 900, 903 (2010) (internal citation omitted). Similarly, a petition for rehearing must "state with particularity the points supposed to have been overlooked or misapprehended by the court." Rule 221(a), SCACR. "The purpose of a petition for rehearing is not to present points which lawyers for the losing parties have overlooked or misapprehended, nor is it the purpose of the petition for rehearing to have the case tried in the appellate court a second time." *Kennedy v. S.C. Retirement Sys.*, 349 S.C. 531, 532, 564 S.E.2d 322, 322 (2001) (quoting Jean H. Toal, *Appellate Practice in South Carolina* 309 (1999)).

## B.

South Carolina is not alone in its issue preservation require-
ments. The United States Supreme Court has "consistently
refused to decide federal constitutional issues raised [to it] for
the first time on review of state court decisions." *Cardinale v.
Louisiana,* 394 U.S. 437, 438, 89 S.Ct. 1161, 22 L.Ed.2d 398
(1969); *see also Webb v. Webb,* 451 U.S. 493, 101 S.Ct. 1889, 68
L.Ed.2d 392 (1981) (holding where the Georgia Supreme Court
failed to rule on federal issue, the United States Supreme
Court was without jurisdiction in the case); *Hill v. California,*
401 U.S. 797, 91 S.Ct. 1106, 28 L.Ed.2d 484 (1971) (refusing to
reach a Fifth Amendment question when the issue was not
raised, briefed, or argued at any level of state court).[7]

Moreover, the Supreme Court has stated "[w]hen the high-
est state court is silent on a federal question before us, we
assume that the issue was not properly presented, and the
aggrieved party bears the burden of defeating this assumption
by demonstrating that the state court had a fair opportunity to
address the federal question that is sought to be presented
here." *Adams v. Robertson,* 520 U.S. 83, 86–87, 117 S.Ct.
1028, 137 L.Ed.2d 203 (1997) (internal citations omitted).[8] The
Supreme Court has explained its reasoning for such policies:

> [I]n a federal system it is important that state courts be
> given the first opportunity to consider the applicability of
> state statutes in light of constitutional challenge, since the
> statutes may be construed in a way which saves their

---

7. Appellant contends that because the United States Supreme Court
granted certiorari, Respondents are precluded from arguing that the
preemption issue is not preserved. We disagree. The Supreme Court
has previously granted certiorari based on assertions in petitions and
later refused to rule on the issue because it realized the issue was never
raised to the state court. *See Cardinale,* 394 U.S. at 438, 89 S.Ct. 1161
(stating that "[a]lthough certiorari was granted to consider this ques-
tion, the fact emerged in oral argument that the sole federal question
argued here had never been raised, preserved, or passed upon in the
state courts below"); *see also Webb,* 451 U.S. at 494–95, 101 S.Ct. 1889
(stating that because the Court disfavors the filing of the state court
record, "[the Court] [is] largely dependent on assertions made by the
parties as to what that record will demonstrate concerning the manner
in which a federal question was raised below").

8. The Rules of the Supreme Court also require a party to demonstrate
the state court addressed the issue presented to it. Rule 14 states in
relevant part:

468

constitutionality. Or the issue may be blocked by an adequate state ground. Even though States are not free to avoid constitutional issues on inadequate state grounds, they should be given the first opportunity to consider them. *Cardinale*, 394 U.S. at 439, 89 S.Ct. 1161.

## C.

▉ We have carefully re-examined the record. In all of the submissions, memoranda, and hearings before the trial court, not once was there a single mention of federal preemption as it relates to the issue before us. Certainly, Appellant cites to both the federal and state policy favoring arbitration, and no party or court has ever disputed the obvious—both the federal and state policies do favor arbitration. However, a general acknowledgment of a policy favoring arbitration is a far cry from a specifically articulated preemption argument.[9]

Tellingly, the trial court's order denying Appellant's motion to compel states "[t]he Plaintiff and Defendant agree that *Simpson v. MSA of Myrtle Beach, Inc.*, 373 S.C. 14, 644 S.E.2d 663 (2007)[10] is the *controlling authority* of this motion." (emphasis added). In our opinion, this opening sentence to the legal analysis section of the trial court's order demonstrates Appellant and Respondents' mutual agreement that

> If review of a state-court judgment is sought, specification of the stage in the proceedings, both in the court of first instance and in the appellate courts, when the federal questions sought to be reviewed were raised; the method or manner of raising them and the way in which they were passed on by those courts; and pertinent quotations of specific portions of the record or summary thereof, with specific reference to the places in the record where the matter appears (*e.g.*, court opinion, ruling on exception, portion of court's charge and exception thereto, assignment of error), so as to show that the federal question was timely and properly raised and that this Court has jurisdiction to review the judgment on a writ of certiorari.
> Sup.Ct. R. 14(1)(g)(i).

**9.** We also note that Appellant cites a provision of the FAA, 9 U.S.C. § 2 (2006), in its trial court motions for the proposition that the FAA applies to the arbitration agreement at hand. Both the trial court and this Court agreed with Appellant. Yet Appellant never cited section 2 of the FAA in any fashion that can be construed as anything akin to the preemption argument it presented to the United States Supreme Court.

**10.** In *Simpson*, this Court denied a motion to compel arbitration, finding an arbitration clause in a vehicle trade-in contract was uncon-

the case was to be decided by reference to state law. That finding was never challenged until the petition for rehearing.

Moreover, it is clear preemption was neither a novel nor an unknown argument to Appellant. Significantly, Appellant did raise the issue of preemption to the trial court, albeit in a different context. Respondents initially challenged the arbitration agreement on the basis that it lacked certain formatting requirements under the South Carolina Arbitration Act. However, Appellant successfully defeated that state law challenge based on preemption, specifically arguing that the FAA preempted state law due to the presence of interstate commerce. The voluminous record is otherwise silent as to *any* claim of preemption, until the petition for rehearing filed with this Court.

Simply stated, the question Appellant presented to the United States Supreme Court, namely whether the FAA preempted our state's legislative policy as set forth in the Dealers Act, was raised neither to the trial court nor to our Court. And although the issue of preemption was raised in Appellant's rehearing petition, such an attempt was untimely and improper as a party may not raise an issue for the first time in a petition for rehearing. *See Kennedy,* 349 S.C. at 532, 564 S.E.2d at 322 ("The purpose of a petition for rehearing is not to present points which lawyers for the losing parties have overlooked or misapprehended, nor is it the purpose of the petition for rehearing to have the case tried in the appellate court a second time."). Unquestionably, our opinion in *Herron* did not address federal preemption. Rather, it quite naturally resolved the matter solely on the basis of state law, just as the parties presented it to us. *See State v. Austin,* 306 S.C. 9, 19, 409 S.E.2d 811, 817 (Ct.App.1991) ("[A]ppellate courts in this state, like well-behaved children, do not speak unless spoken to and do not answer questions they are not asked."). However, the absence of a preemption discussion is not attributable to this Court's failure to recognize or understand the arguments presented. Rather, Appellants failed to present the issue to us, as evidenced by our

---

scionable and, therefore, unenforceable due to a multitude of one-sided terms. Notably, the *Simpson* decision, however, in no way dealt with federal preemption. The word "preemption" appears in the *Simpson* opinion, only to note that preemption was not involved.

detailed order denying Appellant's petition for rehearing which rejected Appellant's attempt to recast the issues that were presented to us.

We are mindful of the need to approach issue preservation rules with a practical eye and not in a rigid, hypertechnical manner. Yet, because Appellant can point to no instance where preemption was properly raised or ruled upon, to disregard our issue preservation rules under these circumstances would render them meaningless. As this Court observed, issue preservation rules "prevent[ ] a party from keeping an ace card up his sleeve—intentionally or by chance—in the hope that an appellate court will accept that ace card and, via a reversal, give him another opportunity to prove his case." *I'On*, 338 S.C. at 406, 526 S.E.2d at 724. Here, intentionally or by chance, Appellant kept the ace card of preemption up its sleeve until after this Court filed its opinion. Under even the most liberal approach to issue preservation principles, we could not treat Appellant's preemption argument as preserved in our courts as a matter of state law.

Because the matter of preemption was not raised to and ruled upon in any of the South Carolina proceedings, we find the issue of preemption is procedurally barred as matter of state law and further consideration in light of *AT&T Mobility LLC v. Concepcion* is unwarranted. We reinstate our original opinion and decline to revisit it.

**ORIGINAL OPINION REINSTATED.**

TOAL, C.J., BEATTY, HEARN, JJ., and Acting Justice JAMES E. MOORE, concur.