**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Anthony Upshaw, Appellant,

v.

South Carolina Department of Employment and Workforce and Urban Services Group, Inc., Respondents.

Appellate Case No. 2011-204326

Appeal From the Administrative Law Court
John D. McLeod, Administrative Law Court Judge

Unpublished Opinion No. 2012-UP-523
Submitted September 4, 2012 – Filed September 12, 2012

**AFFIRMED**

Susan J. Firimonte, of Florence, and Daniel R. Unumb, of Columbia, both of South Carolina Legal Services, for Appellant.

Brenda L. Gorski, of the South Carolina Department of Employment and Workforce, of Columbia, for Respondents.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the Administrative Law Court (ALC) erred in finding Upshaw was discharged for cause: *Risher v. S.C. Dep't of Health & Envtl. Control*, 393 S.C. 198, 204, 712 S.E.2d 428, 431 (2011) ("A decision of the ALC should be upheld . . . if it is supported by substantial evidence in the record."); *Murphy v. S.C. Dep't of Health & Envtl. Control*, 396 S.C. 633, 639, 723 S.E.2d 191, 194-95 (2012) ("When finding substantial evidence to support the ALC's decision, the [appellate c]ourt need only determine that, based on the record as a whole, reasonable minds could reach the same conclusion."); S.C. Code Ann. § 41-35-120(2) (Supp. 2011) (stating a person may become partially ineligible for unemployment benefits, and the maximum benefit amount may be reduced, if SCDEW finds that the person was discharged for cause); *Mickens v. Southland Exch.-Joint Venture*, 305 S.C. 127, 130, 406 S.E.2d 363, 365 (1991) (stating a discharge for cause is justified when an employee disregards the standard of behavior that the employer can rightfully expect from the employee).

2.  As to Upshaw's remaining issues: *Burke v. AnMed Health*, 393 S.C. 48, 54, 710 S.E.2d 84, 87 (Ct. App. 2011) (stating a contemporaneous objection is required to preserve an issue for appellate review); *Herron v. Century BMW*, 395 S.C. 461, 465, 719 S.E.2d 640, 642 (2011) (stating an issue cannot be raised for the first time on appeal).

**AFFIRMED.**[1]

**SHORT, KONDUROS, and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.