**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Theresa M. Brown, Appellant,

v.

Janet Butcher and the Butcher Law Firm, P.A., Respondents.

Appellate Case No. 2011-204467

———————————

Appeal From Kershaw County
G. Thomas Cooper, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2013-UP-232
Heard March 7, 2013 – Filed June 5, 2013

———————————

**AFFIRMED**

———————————

Melvin Dean Bannister, of Columbia, for Appellant.

William L. Howard, Sr., of Young Clement Rivers, LLP, of Charleston, for Respondents.

———————————

**PER CURIAM:** Theresa M. Brown appeals from an order of the trial court granting summary judgment in favor of Janet Butcher and the Butcher Law Firm, P.A. (collectively Butcher) in Brown's legal malpractice action against Butcher stemming from Butcher's representation of Brown in Brown's divorce proceedings.

The trial court issued a detailed order granting summary judgment in favor of Butcher on three separate bases: (1) that Brown was judicially estopped from asserting the cause of action; (2) viewing the evidence in a light most favorable to Brown, she suffered no damages or injury as a proximate result of any alleged negligence by Butcher; and (3) Brown failed to provide expert testimony necessary to create a factual issue.

Because Brown does not sufficiently challenge all of the trial court's bases in support of the granting of summary judgment, in particular the various individual findings on the third basis – – that Brown failed to provide expert testimony necessary to create a factual issue – – we affirm. *See Jones v. Lott*, 387 S.C. 339, 346, 692 S.E.2d 900, 903 (2010) (holding "where a decision is based on more than one ground, the appellate court will affirm unless the appellant appeals all grounds because the unappealed ground will become the law of the case."); *First Union Nat'l Bank of S.C. v. Soden*, 333 S.C. 554, 566, 511 S.E.2d 372, 378 (Ct. App. 1998) (holding an unchallenged ruling, right or wrong, is the law of the case and requires affirmance); *see also Herron v. Century BMW*, 395 S.C. 461, 466, 719 S.E.2d 640, 642 (2011) (holding every ground of appeal ought to be so distinctly stated that the reviewing court may at once see the point which it is called upon to decide without having to grope in the dark to ascertain the precise point at issue) (internal citation and quotation marks omitted); *McCall v. IKON*, 380 S.C. 649, 659-60, 670 S.E.2d 695, 701 (Ct. App. 2008) (noting an appealed order comes to the appellate court with a presumption of correctness, with the burden on appellant to demonstrate reversible error, and the appellate court is obliged to reverse when error is called to its attention, but it is not in the business of figuring out on its own whether error exists).

Additionally, even if we were to find Brown has sufficiently challenged the trial court's rulings in this regard, we would nonetheless affirm on the merits. *Based on the record before us*, the testimony elicited from Brown's expert is insufficient to meet the requirements of expert testimony necessary in a malpractice case. *See Harris Teeter, Inc. v. Moore & Van Allen, PLLC*, 390 S.C. 275, 289, 701 S.E.2d 742, 749 (2010) (holding an expert witness who concludes a defendant in a malpractice case has breached the standard of care but fails to establish the correct standard of care, which is the degree of skill, care, knowledge, and judgment usually possessed and exercised by members of the profession, does not create a genuine issue of material fact); *id.* at 290, 701 S.E.2d at 750 (finding a generic statement of what a reasonably competent lawyer would do given the facts of the

situation, which could be applied to any professional negligence claim, does not create a genuine issue of fact as to a breach of the standard of care).

**AFFIRMED.**

**HUFF and WILLIAMS, JJ., and CURETON, A.J., concur.**