**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Christine Watts, Respondent,

v.

Sonic Automotive, d/b/a Century BMW, Appellant.

Appellate Case No. 2013-000606

———————

Appeal from Greenville County
Doyet A. Early, III, Circuit Court Judge

———————

Memorandum Opinion No. 2014-MO-015
Heard May 6, 2014 – Filed June 4, 2014

———————

**AFFIRMED**

———————

Kurt M. Rozelsky, of Smith Moore Leatherwood LLP, of Greenville, Richmond T. Moore and Dennis M. Black, both of Washington, D.C., for Appellant.

Gedney M. Howe, III, of Gedney M. Howe, III, PA, of Charleston, Richard A. Harpootlian, of Richard A. Harpootlian, PA, of Columbia, A. Camden Lewis, of Lewis, Babcock & Griffin, LLP, of Columbia and Brady R. Thomas, Terry E. Richardson, Jr. and David Butler, of

Richardson, Patrick, Westbrook &Brickman, LLC, all of Barnwell, and Michael E. Spears, of Michael E. Spears, PA, of Spartanburg, for Respondent.

---

**PER CURIAM:** This case concerns the enforceability of an arbitration agreement. The trial court denied Appellant's motion to compel arbitration. We affirm.

In 2005, Respondent entered into a contract with Appellant for the purchase of a car.[1] The transaction included the execution of an arbitration agreement. In December 2006, Appellant filed a motion to compel arbitration pursuant to the terms of the arbitration agreement. At the time of its motion to compel arbitration, Appellant agreed the matter would be decided pursuant to state law. After this Court decided *Herron v. Century BMW* (*Herron I*), 387 S.C. 525, 693 S.E.2d 394 (2010), the United States Supreme Court decided *Stolt-Nielsen S.A. v. AnimalFeeds International Corp.*, 130 S. Ct. 1758 (2010), and *AT & T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011). For the reasons set forth in *Herron v. Century BMW* (*Herron II*), 395 S.C. 461, 719 S.E.2d 640 (2012), *cert denied*, 132 S. Ct. 2436 (2012), this Court declined to review its *Herron I* decision. We are constrained by *Herron II*, which similarly forecloses Appellant's efforts in this appeal. We affirm pursuant to Rule 220(b)(1), SCACR, and the above-referenced decisions of this Court.

**AFFIRMED.**

**TOAL, C.J., KITTREDGE, HEARN, JJ., Acting Justices James E. Moore and Eugene C. Griffith, Jr., concur.**

---

[1] Respondent's father was also involved in the purchase of the vehicle.