**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Deutsche Bank National Trust Company as Trustee for the Holders of New Century Home Equity Loan Trust, Series 2005-A, Asset Backed Pass-Through Certificates, Respondent,

v.

Laura T. Toney a/k/a Laura A. Toney, LaSalle Bank National Association, as Trustee for the Registered Holders of Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 200-11 and LaSalle Bank National Association, Trustee for Lehman Brothers Structured Asset Investment Loan Trust Sale 2005-2, Defendants,

Of Whom Laura T. Toney a/k/a Laura A. Toney is the Appellant.

Appellate Case No. 2011-191107

Appeal From Orangeburg County
Olin Davie Burgdorf, Master-in-Equity

Unpublished Opinion No. 2014-UP-423
Submitted October 1, 2014 – Filed November 26, 2014

**AFFIRMED**

Laura Toney, of Bishopville, pro se.

Christopher Stephen Truluck and Henry Guyton Murrell,
both of Korn Law Firm, of Columbia, for Respondent.

---

**PER CURIAM:**  Laura Toney appeals the denial of her motion for reconsideration, arguing the master (1) abused its discretion by ordering her to pay interest on a mortgage that had already been sold to a third party and refusing to allow her to present new evidence and (2) denied her procedural due process by not allowing her the opportunity to be heard on her motion.  We affirm.

1.  As to whether the master abused its discretion: *Ex parte Gregory*, 378 S.C. 430, 436-37, 663 S.E.2d 46, 50 (2008) ("Pursuant to the South Carolina Constitution, an appellate court reviews findings of fact in an equity matter taking its own view of the evidence."); *id.* at 437, 663 S.E.2d at 50 ("However, the abuse of discretion standard plays a role in the appellate review of a sanctions award."); *id.* ("An abuse of discretion occurs where the decision is controlled by an error of law or is based on unsupported factual conclusions."); *id.* ("For example, where the appellate court agrees with the trial court's findings of fact, it reviews the decision to award sanctions, as well as the terms of those sanctions, under an abuse of discretion standard."); *Holmes v. Haynsworth, Sinkler & Boyd, P.A.*, 408 S.C. 620, 645, 760 S.E.2d 399, 412 (2014) (upholding sanctions under Rule 11, SCRCP, when a party "engaged in 'dilatory litigation tactics,' lodged 'frivolous and dilatory appeals,' filed affidavits and memoranda 'without reasonable basis,' and moved for reconsideration after nearly every ruling made by the circuit court").

2.  As to whether the master denied Toney procedural due process:  *Herron v. Century BMW*, 395 S.C. 461, 465, 719 S.E.2d 640, 642 (2011) ("At a minimum, issue preservation requires that an issue be raised to and ruled upon by the trial [court]."); *id.* ("Constitutional arguments are no exception to the preservation rules, and if not raised to the trial court, the issues are deemed waived on appeal.").

**AFFIRMED.**[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**WILLIAMS, GEATHERS, and McDONALD, JJ., concur.**