**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Derick Ward, Appellant,

v.

Margaret H. Ashbaugh, Respondent.

Appellate Case No. 2013-001622

―――――――――

Appeal From Florence County
R. Knox McMahon, Circuit Court Judge

―――――――――

Unpublished Opinion No. 2015-UP-077
Submitted January 1, 2015 – Filed February 18, 2015

―――――――――

**AFFIRMED**

―――――――――

Adam Protheroe and David Elliott Tait, both of South Carolina Legal Services, of Florence, for Appellant.

Karl A. Folkens and Louis David Nettles, both of Folkens Law Firm, P.A., of Florence, for Respondent.

―――――――――

**PER CURIAM:** Derick Ward appeals the circuit court's order affirming the magistrates court's issuance of a writ of ejectment, arguing the circuit court erred by: (1) finding the magistrates court had subject matter jurisdiction, (2) denying

him substantive due process, and (3) denying him procedural due process. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to Issue 1: S.C. Code Ann. § 22-3-10(11) (2007) ("Magistrates have concurrent civil jurisdiction in the following cases: . . . (11) in any action to recover the possession of personal property claimed, the value of which, as stated in the affidavit of the plaintiff, his agent, or attorney, does not exceed the sum of seven thousand five hundred dollars . . . ."); *Brockbank v. Best Capital Corp.*, 341 S.C. 372, 379, 534 S.E.2d 688, 692 (2000) ("A mobile home usually is classified as personal property.").

2. As to Issues 2 and 3: *Herron v. Century BMW*, 395 S.C. 461, 465, 719 S.E.2d 640, 642 (2011) ("At a minimum, issue preservation requires that an issue be raised to and ruled upon by the [circuit court]."); *id.* ("Constitutional arguments are no exception to the preservation rules, and if not raised to the [circuit] court, the issues are deemed waived on appeal."); *I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 422, 526 S.E.2d 716, 724 (2000) ("If the losing party has raised an issue in the lower court, but the court fails to rule upon it, the party must file a motion to alter or amend the judgment in order to preserve the issue for appellate review.").

**AFFIRMED.**[1]

**WILLIAMS, GEATHERS, and McDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.