**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Jerome Myers and Gloria Myers, Appellants,

v.

Dennis J. Christensen, Shelly K. All, Cezar E. McKnight, Sgt. Donald Daquigan, Elizabeth Spencer-Elderly Support Unit, Willie O.W. McFadden-Myers, and Latonya Hobson, Defendants,

Of whom Shelly K. All, Cezar E. McKnight, Willie O.W. McFadden-Myers, and Latonya Hobson are the Respondents.

Appellate Case No. 2013-000371

———————————

Appeal From Charleston County
R. Markley Dennis, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2016-UP-226
Submitted April 1, 2016 – Filed June 1, 2016

———————————

**AFFIRMED**

———————————

Jerome Myers and Gloria Myers, both of North Charleston, pro se.

Cezar Edward McKnight, of the Law Office of Cezar E. McKnight, LLC, of Lake City, for Respondent Cezar Edward McKnight, Respondent Willie O.W. McFadden-Myers, and Respondent Latonya Hobson; Shelly Kuzminsky All, of Dennis J. Christensen, P.A., of Mount Pleasant, pro se.

---

**PER CURIAM:** Appellants Jerome Myers and Gloria Myers appeal the circuit court's order dismissing their case based on the statute of limitations, arguing the circuit court erred in (1) failing to allow them to be heard at the reconsideration hearing concerning when the statute of limitations should have begun to run so that equitable tolling could have been applied, (2) allowing attorney Cezar McKnight to continue to represent his clients, who were co-defendants in the action, (3) failing to apply the law of the case doctrine when two prior judges scheduled the case for a jury trial, (4) failing to allow Appellants to raise their issues below, and (5) failing to hold the twenty-year statute of limitations for real estate instruments applied. Appellants also ask this court to apply the clean hands doctrine. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to Issue 1: *BPS, Inc. v. Worthy*, 362 S.C. 319, 324, 608 S.E.2d 155, 158 (Ct. App. 2005) ("When reviewing the grant of a summary judgment motion, the appellate court applies the same standard which governs the trial court under Rule 56(c), SCRCP: summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."); *id.* at 325, 608 S.E.2d at 158 ("In determining whether any triable issue of fact exists, the evidence and all inferences which can reasonably be drawn therefrom must be viewed in the light most favorable to the nonmoving party."); *id.* at 325, 608 S.E.2d at 159 ("Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."); *Moore v. Benson*, 390 S.C. 153, 161, 700 S.E.2d 273, 277 (Ct. App. 2010) ("According to the discovery rule, the statute of limitations begins to run when a person could or

should have known, through the exercise of reasonable diligence that a cause of action might exist.").[1]

2.  As to Appellants' remaining issues: *See Herron v. Century BMW*, 395 S.C. 461, 465, 719 S.E.2d 640, 642 (2011) (stating issues must be raised to and ruled upon by the trial court to be preserved for appellate review).

**AFFIRMED.**[2]

**SHORT and THOMAS, JJ., and CURETON, A.J., concur.**

---

[1] We note any issue concerning the applicability of the doctrine of equitable tolling is unpreserved.  *See Laser Supply & Servs., Inc. v. Orchard Park Assocs.*, 382 S.C. 326, 336 n.5, 676 S.E.2d 139, 145 n.5 (Ct. App. 2009) (stating an issue neither directly addressed in the circuit court's order nor raised in a motion for reconsideration is unpreserved).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.