**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Kimberly A. Chitwood, Respondent,

v.

Charles C. Chitwood, Appellant.

Appellate Case No. 2014-001899

Appeal From Greenwood County
Joseph W. McGowan, III, Family Court Judge

Unpublished Opinion No. 2016-UP-312
Submitted April 1, 2016 – Filed June 22, 2016

**AFFIRMED**

Thomas E. Hite, Jr., of Hite and Stone, of Abbeville, and
Scarlet Bell Moore, of Greenville, for Appellant.

Clarence Rauch Wise, of Greenwood, for Respondent.

**PER CURIAM:** In this family court action between Kimberly A. Chitwood (Wife) and Charles C. Chitwood (Husband), Husband appeals the family court's order amending a divorce decree and increasing his monthly child support obligation. Husband argues the family court erred in (1) recalculating child support based on the visitation schedule agreed to by the parties, rather than the actual number of nights the children stayed with him in the year preceding the

divorce because the parenting plan allowed the parties to deviate from the schedule, and (2) amending the divorce decree pursuant to a Rule 59(e), SCRCP, motion because the divorce decree was entered pursuant to a consent agreement without the presentation of evidence and a trial on the merits. We affirm.[1]

1. We find the family court did not err in recalculating child support based on the number of nights the children are scheduled to stay with Husband under the agreed upon visitation schedule, rather than the number of nights the children stayed with Husband in the year preceding the divorce. *See Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011) ("In appeals from the family court, [the appellate] [c]ourt reviews factual and legal issues de novo."); *Eason v. Eason*, 384 S.C. 473, 479, 682 S.E.2d 804, 807 (2009) ("[T]he appellate court has jurisdiction to find facts in accordance with its view of the preponderance of the evidence."); *Lewis v. Lewis*, 392 S.C. 381, 392, 709 S.E.2d 650, 655 (2011) ("[A]n appellant is not relieved of his burden to demonstrate error in the family court's findings of fact."); *Gaffney v. Gaffney*, 401 S.C. 216, 221, 736 S.E.2d 683, 686 (Ct. App. 2012) ("The burden is upon the appellant to convince the appellate court that the preponderance of the evidence is against the family court's findings."); *Heins v. Heins*, 344 S.C. 146, 158, 543 S.E.2d 224, 230 (Ct. App. 2001) ("Unambiguous marital agreements will be enforced according to their terms."); *id.* ("Where an agreement is clear and capable of legal interpretation, the court's only function is to interpret its lawful meaning, discover the intention of the parties as found within the agreement, and give effect to it.").

2. We find the second issue is unpreserved. *See Gartside v. Gartside*, 383 S.C. 35, 43, 677 S.E.2d 621, 625 (Ct. App. 2009) ("But for a very few exceptional circumstances, an appellate court cannot address an issue unless it was raised to and ruled upon by the family court."); *Herron v. Century BMW*, 395 S.C. 461, 466, 719 S.E.2d 640, 642 (2011) ("[T]he issue must be sufficiently clear to bring into focus the precise nature of the alleged error so that it can be reasonably understood by the judge."); *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003) ("A party may not argue one ground at trial and an alternate ground on appeal.").

**AFFIRMED.**

**HUFF, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.