# The Supreme Court of South Carolina

Peggy D. Conits, Respondent,

v.

Spiro E. Conits, Petitioner.

Appellate Case No. 2016-001961

---

## ORDER

---

We deny the Petition for Rehearing. The attached opinion is substituted for the previous opinion, which is withdrawn. The only change is to the final sentence.

s/ Donald W. Beatty                        C.J.

s/ John W. Kittredge                        J.

s/ Kaye G. Hearn                        J.

s/ John Cannon Few                        J.

s/ George C. James, Jr.                        J.

Columbia, South Carolina

January 17, 2018

# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Peggy D. Conits, Respondent,

v.

Spiro E. Conits, Petitioner.

Appellate Case No. 2016-001961

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

Appeal from Greenville County
David G. Guyton, Family Court Judge

Opinion No. 27749
Submitted October 24, 2017 – Filed November 15, 2017
Withdrawn, Substituted, and Refiled January 17, 2018

## REVERSED AND REMANDED

David Alan Wilson, of The Law Offices of David A. Wilson, LLC, and Kenneth C. Porter, of Porter & Rosenfeld, both of Greenville, for Petitioner.

Timothy E. Madden, Nelson Mullins Riley & Scarborough, LLP, of Greenville, for Respondent.

**PER CURIAM:** Spiro E. Conits filed a petition for a writ of certiorari to review the decision of the court of appeals in *Conits v. Conits*, 417 S.C. 127, 789 S.E.2d 51 (Ct. App. 2016). We grant the petition, dispense with further briefing, reverse the decision, and remand to the court of appeals.

Peggy D. Conits and her husband Spiro litigated many issues in their divorce action in family court, but we address only one—the size and value of a farm Spiro owns in Greece. Spiro appealed the family court's ruling on this issue, but the court of appeals found the issue was not preserved for appellate review. The court of appeals understood Spiro to argue on appeal the farm "does not exist," but that at trial he "made no arguments as to the existence of the . . . farm." 417 S.C. at 137, 789 S.E.2d at 56. We find Spiro made the same argument on appeal he made at trial. The issue is preserved.

The facts of this case are set forth in detail in the court of appeals' opinion. 417 S.C. at 133-36, 789 S.E.2d at 54-56. At trial, the parties presented conflicting evidence about the size and value of the farm in Greece. Spiro admitted he owns a one-half interest in a three-acre farm with a fair market value of $43,750. Peggy claimed the farm is thirty acres with a fair market value of $1,420,200. As the court of appeals observed, "the parties argued about its value and whether the property was three or thirty acres." 417 S.C. at 137, 789 S.E.2d at 56

The family court found the farm is thirty acres and assigned it a value of $1,420,000. Spiro filed a motion to alter or amend the judgment pursuant to Rule 59(e) of the South Carolina Rules of Civil Procedure. He argued—among other things—Peggy "completely misrepresented or misunderstood [Spiro's] ownership interests in real estate in Greece and the court erred in adopting such misrepresentation as fact without evidentiary support." Spiro specifically argued he "does not own a thirty-acre farm in Greece" and "[his] interest in [the three-acre . . . farm] is worth between $20,000 and $21,875." The family court denied the motion.

On appeal to the court of appeals, Spiro admitted he owns a three-acre farm in Greece and claimed he does not own a thirty-acre farm. Appellant's Br. 12. Spiro argued in his brief to the court of appeals,

> At trial, [Spiro] clarified and corrected his ownership in the various properties in Greece and confirmed his ownership in a three-acre . . . farm as opposed to a thirty-acre farm. He testified at trial that he only owns three acres in Greece. [Spiro] simply does not own a thirty-acre farm in Greece.

*Id.* Spiro then argued in his brief there is "no support for [Peggy's] 'opinion' as to the value of the farm" and the family court's ruling "should be removed in its entirety

and replaced with findings of fact and conclusions of law regarding the three-acre . . . farm." Appellant's Br. 15.

The words Spiro used to make his argument concerning the size and value of the farm in Greece changed from the family court to his Rule 59(e) motion to his brief at the court of appeals. In fact, Spiro confused the true issue when he described it in his brief to the court of appeals as, "Should the Family Court Include in the Marital Estate an Asset That Does Not Even Exist," and repeatedly and emphatically argued that "no such asset even exists." Considering Spiro's arguments practically, however, we clearly see that his argument was the same at each stage of these proceedings—he does not own a thirty-acre farm in Greece; he owns a three-acre farm; and it is not worth anything near what Peggy claims or the family court found. *See Herron v. Century BMW*, 395 S.C. 461, 470, 719 S.E.2d 640, 644 (2011) ("We are mindful of the need to approach issue preservation rules with a practical eye and not in a rigid, hyper-technical manner."). When Spiro argued in his Rule 59(e) motion and wrote in his brief to the court of appeals that he "does not own a thirty-acre farm in Greece," he did not argue there was no farm. Rather, he argued the farm he admitted he owns is not thirty acres, and is not worth $1,420,000.

The issue raised at the court of appeals is precisely the same one Spiro raised to the family court at trial and in his Rule 59(e) motion. The family court ruled on the issue, and thus it is preserved. *See Herron*, 395 S.C. at 465, 719 S.E.2d at 642 (stating "issue preservation requires that an issue be raised to and ruled upon by the trial judge").

Accordingly, we **REVERSE** the court of appeals' ruling that the issue concerning the size and value of the farm in Greece is not preserved for appellate review. We **REMAND** to the court of appeals to rule on the merits of the issue and to consider any other issues that arise as a result of its ruling—including whether the status of the farm is still an issue, and if it is, whether the farm is marital or non-marital property.

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**