**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Winston Shell, Respondent,

v.

Nathaniel Shell, Appellant.

Appellate Case No. 2020-000027

———————

Appeal From York County
Daniel Dewitt Hall, Circuit Court Judge

———————

Unpublished Opinion No. 2021-UP-436
Submitted November 18, 2021 – Filed December 8, 2021

———————

**AFFIRMED**

———————

Thomas Jefferson Goodwyn, Jr., of Goodwyn Law Firm, LLC, of Columbia, for Appellant.

Beverly A. Carroll, of Morton & Gettys, LLC, of Rock Hill, for Respondent.

———————

**PER CURIAM:** Nathaniel Shell (Appellant) appeals an order granting judgment in favor of his brother Winston Shell (Respondent) in a breach of contract case related to Appellant's failure to repay monies Respondent had loaned him. Appellant argues the circuit court erred in moving forward with the bench trial in his case when he, an essential witness, was not present. Appellant maintains he was misled by the

trial court's statement at the roster meeting that the assigned judge would not be able to hear the case on the date it was eventually called.  We affirm.

## I.

The case was set for trial the week of December 9, 2019, by Judge Hall.  On September 26, 2019, the court coordinator emailed the parties, advising that the case "appears for trial on the Monday, December 9, 2019 York County CP Jury Roster before Judge Hall" and telling the parties to report to the roster meeting at 9:00 a.m. on December 9.  A second email was sent on November 25, 2019, reminding the parties to report to the roster meeting and including a roster for the December 9 trial term in front of Judge Hall and Judge McKinnon, which listed Appellant's case as the fifth on the roster.  A third email was sent on December 4, 2019, telling the parties to report to the roster meeting to discuss the case.  The email reported the case was to be held before Judge McKinnon; Judge McKinnon had a another trial beginning at 9:30 a.m. on December 9; Judge McKinnon had a prior commitment on December 10 so court would end at 2:00 p.m. that day; and court would resume the morning of December 11.

The parties appeared at the roster meeting with Judge Hall, who advised counsel that this case would be subject to being called this week.  Judge Hall stated the bench trial would likely be called in front of Judge McKinnon.  At 2:10 p.m., Appellant's attorney emailed the court coordinator and asked if there was "any chance" the case would be heard by Judge McKinnon the next day because he had witnesses from out of town who "may have to return tonight."  The court coordinator informed Appellant's attorney Judge McKinnon was in the middle of a case that would last until the midday December 10 and that Judge McKinnon then had to leave for a prior commitment.  Appellant's attorney stated he would have to regroup with his client.  Just twenty minutes later, at 2:30 p.m., the court coordinator emailed Appellant's attorney, informing him Judge Hall would hear this case the next day, December 10, and to report at 9:30 a.m.  Judge Hall's law clerk also called Appellant's attorney at 2:52 p.m. and left a voicemail stating the case was being called for trial beginning at 9:30 a.m. the next day.

On December 10, Judge Hall held the bench trial.  Judge Hall noted this case was originally going to be tried by Judge McKinnon, but Judge Hall's case resolved, so he moved the case to be heard in front of him.  Immediately after calling the case, Judge Hall noted Appellant's attorney had been unable to reach Appellant, and Appellant was not present.  Judge Hall also noted Appellant's attorney stated he did not check his email or voicemails until earlier that morning, so he was not aware the

case was being called until then. Judge Hall noted the court was ready to proceed with the case and asked Appellant's attorney if he was ready. Appellant's attorney replied, "Yes, your Honor, without my client." Judge Hall then asked Appellant's attorney to summarize the situation and why his client was not present for the record. Appellant's attorney stated Appellant was present and ready for trial the day before, but after the roster meeting, he informed Appellant "we're gonna have to see when this case can actually be heard; there are a lot of moving pieces." Appellant's attorney noted he emailed the court coordinator about the case and after those emails, he started preparing for another case and did not contact Appellant again. Appellant's attorney stated he tried to get in touch with Appellant that morning through phone, email, and text messages, but he had not been able to contact him. Appellant's attorney noted he had never had problems contacting Appellant before. Judge Hall then began the trial, which resulted in a verdict in favor of Respondent.

Appellant moved for a new trial, arguing he should be granted a new trial because (1) his counsel told him the trial would not occur that week and (2) he had a meritorious defense. In an affidavit supporting his motion, Appellant, a resident of Rock Hill, stated on Monday, December 9, his attorney told him the case was "highly unlikely" to be called that week, so his out of state witness returned to Pennsylvania and Appellant made plans for that Tuesday and "was not available to appear in trial when the case was called." Appellant did not explain what he was doing that prevented him from attending his trial. The circuit court denied Appellant's motion for a new trial. This appeal followed.

## II.

Appellant argues Judge Hall abused his discretion in moving forward with the bench trial because his counsel "substantially complied" with Rule 40(i), SCRCP,[1] and

---

[1] Rule 40(i), SCRCP ("As actions are called, counsel may request that the action be continued. If good and sufficient cause for continuance is shown, the continuance may be granted by the court . . . . No motion for continuance of trial shall be granted on account of the absence of a witness without the oath of the party, his counsel or agent, to the following effect, to wit: that the testimony of the witness is material to the support of the action or defense of the party moving; that the motion is not intended for delay; but is made solely because the party cannot go safely to trial without such testimony; that there has been due diligence to procure the testimony of the witness or of such other circumstances as will satisfy the court that the motion is not intended for delay . . . . A party applying for such postponement on account of the absence of a witness shall set forth under oath in addition to the foregoing

Judge Hall was therefore "in a position where he had to decide whether or not to move forward with the trial without Appellant or his out of state witness present." We disagree.

We find this issue is not preserved for appellate review because Appellant's counsel never made a motion for a continuance to Judge Hall. *See Herron v. Century BMW*, 395 S.C. 461, 465, 719 S.E.2d 640, 642 (2011) ("At a minimum, issue preservation requires that an issue be raised to and ruled upon by the trial judge."); *McGee v. Bruce Hosp. System*, 321 S.C. 340, 347, 468 S.E.2d 633, 637 (1996) (an issue may not be raised for the first time in a motion for a new trial). Therefore, Appellant's counsel did not substantially comply with Rule 40(i), SCRCP, which in the case of a continuance based on a missing witness requires a party or its counsel to make a motion for a continuance and to make an oath that the missing witness was material and that due diligence had been done to bring the witness to trial.[2] Accordingly, we affirm.

**AFFIRMED.**[3]

**KONDUROS, HILL, and HEWITT, JJ., concur.**

---

matters what fact or facts he believes the witness if present would testify to, and the grounds for such belief.").

[2] We acknowledge Appellant's counsel discussed that he had tried to contact Appellant the morning of the trial, and during a motion in limine, he discussed that he had planned to admit checks that Appellant allegedly gave to Respondent, using Appellant to lay the foundation. Thus, Appellant's counsel may have satisfied the oath requirement *had he moved for a continuance*. The record does not disclose how the witness from Pennsylvania was material.

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.