**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Yarely Elibeth Reyes Corrales, Appellant,

v.

Wilmer Alexis Martinez Aguilera, Respondent.

In the interest of minors under the age of eighteen.

Appellate Case No. 2022-001342

———

Appeal From Beaufort County
Deborah A. Malphrus, Family Court Judge

———

Unpublished Opinion No. 2023-UP-292
Submitted July 27, 2023 – Filed August 9, 2023

———

**REMANDED**

———

Khristina A Siletskaya, of Bluffton, for Appellant.

Wilmer Alexis Martinez Aguilera, of Miami, Florida, pro se.

———

**PER CURIAM:**  Yarely Elibeth Reyes Corrales (Mother) appeals a family court order finding Wilmer Alexis Martinez Aguilera (Father) abandoned their minor daughters (collectively, Children) and granting her custody.  On appeal, Mother argues the family court erred by failing to address her request for additional

findings regarding the possibility of reunification and whether it would be in Children's best interest to be returned to their home country, as is required to allow Children to apply for special immigrant juvenile (SIJ) status.

Initially, we note this issue was not preserved for appellate review. Based on the record before us, it appears Mother never explicitly told the family court—via her pleadings, during the hearing, or by filing a Rule 59(e), SCRCP, motion—*why* she was seeking those additional findings (*i.e.*, for the purpose of establishing SIJ status for Children), and thus, the family court was under the impression this was solely a custody case.[1] Therefore, we hold the issue was not properly preserved for appellate review. *See Herron v. Century BMW*, 395 S.C. 461, 466, 719 S.E.2d 640, 642 (2011) (stating that in order to be preserved, "an issue must be sufficiently clear to bring into focus the precise nature of the alleged error so that it can be reasonably understood by the judge"); *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 24, 602 S.E.2d 772, 780 (2004) (explaining that generally "[a] party *must* file . . . a [Rule 59(e), SCRCP] motion when an issue or argument has been raised, but not ruled on, in order to preserve it for appellate review."). However, "[t]he duty to protect the rights of minors and incompetents has precedence over procedural rules otherwise limiting the scope of review and matters affecting the rights of minors can be considered by this court *ex mero motu*." *S.C. Dep't of Soc. Servs. v. Roe*, 371 S.C. 450, 463, 639 S.E.2d 165, 172 (Ct. App. 2006). We therefore proceed with a review of the merits despite the lack of preservation. *See id.* ("An exception to the rule that an unpreserved issue will not be considered on appeal exists where the interests of minors or incompetents are involved.").

We hold the family court was required to make the requested SIJ findings, and we remand for further proceedings consistent with this opinion. *See* 8 U.S.C. § 1101(a)(27)(J)(i) (2017) (defining an SIJ as "an immigrant who is present in the United States . . . who has been . . . placed under the custody of . . . an individual . . . appointed by a State or juvenile court located in the United States, and whose reunification with [one] or both of the immigrant's parents is not viable due to

---

[1] Mother's complaint was entitled, "Complaint for Custody Determination," and it cited only to South Carolina statutes, not the relevant United States Code sections or federal regulations. The body of the complaint did not state Mother intended to pursue SIJ status for Children, and Mother did not inform the family court at the hearing, even when it indicated its reluctance to make findings as to abandonment and the potential for reunification "in a custody case." Further, when the family court altered Mother's proposed order to eliminate the required SIJ findings, Mother failed to file a motion to alter or amend pursuant to Rule 59(e), SCRCP.

abuse, neglect, [or] abandonment"); *Joshua M. v. Barr*, 439 F. Supp. 3d 632, 657 (E.D. Va. 2020) (explaining that SIJ applicants must complete a two-step process before receiving SIJ status, the first step of which is to "apply to a state 'juvenile court' for a predicate order"); 8 C.F.R. § 204.11(c) (2022) (setting forth the findings required to be made in state juvenile court orders in SIJ proceedings); *In re J.J.X.C.*, 734 S.E.2d 120, 124 (Ga. Ct. App. 2012) (remanding for further proceedings because "[a]lthough the court was authorized to conclude that the petitioners failed to present evidence to support the SIJ factors or that their evidence was not credible, the court had a duty to consider the SIJ factors and make findings"). Because it is not possible to ascertain from the family court's order whether the family court simply chose not to address the SIJ findings, determined it was not authorized to make such findings, or refused to make the findings for some other reason, we remand for further proceedings consistent with this opinion.

**REMANDED.**[2]

**WILLIAMS, C.J., and GEATHERS and VERDIN, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.