**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

Thomas Lovelace and Carol Lovelace, Respondents,

v.

The Center for Oral and Maxillofacial Surgery, PA and
Mark Billman, DMD, MD, Appellants.

Appellate Case No. 2021-000907

---

Appeal From York County
William A. McKinnon, Circuit Court Judge

---

Unpublished Opinion No. 2024-UP-156
Submitted April 1, 2024 – Filed May 1, 2024

---

**AFFIRMED**

---

Joseph John Tierney, Jr., of Rogers Townsend LLC, of
Charleston, for Appellants.

John D. Kassel, Theile Branham McVey, and Jamie Rae
Rutkoski, all of Kassel McVey, of Columbia; and Bert
Glenn Utsey, III, of Clawson Fargnoli Utsey, LLC, of
Charleston, all for Respondents.

---

**PER CURIAM:** The Center for Oral and Maxillofacial Surgery, P.A. and Mark
Billman, DMD, MD (collectively, Appellants) appeal following a jury's verdict

finding they were negligent in their diagnosis and treatment of a cancerous lesion in Thomas Lovelace's mouth. Appellants argue the trial court erred by (1) failing to make it clear to the jury that information had been redacted from Dr. Billman's records, and (2) charging the jury that a later treating physician's negligence is foreseeable. We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not abuse its discretion by refusing to inform the jury that information had been redacted from Dr. Billman's medical records. *See Turner v. Med. Univ. of S.C.*, 430 S.C. 569, 589, 846 S.E.2d 1, 11 (Ct. App. 2020) ("The admission or exclusion of evidence is within the circuit court's discretion, and the circuit court's ruling on the admissibility of evidence is not subject to reversal on appeal absent a showing of a clear abuse of that discretion."); *Hamilton v. Reg'l Med. Ctr.*, 440 S.C. 605, 629, 891 S.E.2d 682, 695 (Ct. App. 2023) ("An abuse of discretion occurs when the ruling is based on an error of law or a factual conclusion is without evidentiary support." (quoting *Fields v. Reg'l Med. Ctr. Orangeburg*, 363 S.C. 19, 26, 609 S.E.2d 506, 509 (2005)). Appellants agreed to the method of redaction prior to trial, did not object to the method of redaction when the records were introduced, and did not object when the records were published to the jury; instead, Appellants objected after the trial court denied their motion for directed verdict at the close of Lovelace's case-in-chief. The trial court exercised its discretion based upon its finding that changing the method of redaction would have distracted the jurors and emphasized that information had been omitted. Additionally, Appellants were not prejudiced by the trial court's refusal to change the method of redaction because Lovelace did not argue Dr. Billman's negligence was related to the redacted information. *See id.* ("To warrant reversal based on the admission or exclusion of evidence, the appellant must prove both the error of the ruling and the resulting prejudice, i.e., that there is a reasonable probability the jury's verdict was influenced by the challenged evidence or the lack thereof." (quoting *Fields*, 363 S.C. at 26, 609 S.E.2d at 509)). Further, the trial court instructed the jury not to speculate as to the redacted information or hold redactions against either party. *See State v. Patterson*, 337 S.C. 215, 226, 522 S.E.2d 845, 850 (Ct. App. 1999) ("Generally, a curative instruction is deemed to have cured any alleged error.").

We hold Appellants' challenge to the jury charge is not preserved for appellate review because the basis of their objection was unclear. *See Herron v. Century BMW*, 395 S.C. 461, 465, 719 S.E.2d 640, 642 (2011) ("At a minimum, issue preservation requires that an issue be raised to and ruled upon by the trial [court]."); *id.* at 466, 719 S.E.2d at 642 ("[A] party is not required to use the exact name of a legal doctrine in order to preserve the issue . . . . [But] the issue must be

sufficiently clear to bring into focus the precise nature of the alleged error so that it can be reasonably understood by the [court]."). Although Appellants objected to the original proposed charge that "the negligence of a[n] attending physician is foreseeable," they stated they were "satisfied" when the court agreed to change the charge to specify "the negligence of a later treating physician is foreseeable." Appellants' subsequent objection stating they "[took] exception" to the charge after agreeing to it was not supported by any explanation. Their objection after the charge was given was likewise unsupported and only referenced renewing a "prior objection." Therefore, Appellants failed to draw the trial court's attention to the precise nature of its objection to the jury charge.

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and VERDIN, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.