**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

V.K., a minor, by and through his Guardian Amber Kopanski, Appellants,

v.

Lashauna Baker, Respondent.

Appellate Case No. 2024-001019

Appeal From Horry County
B. Alex Hyman, Circuit Court Judge

Unpublished Opinion No. 2026-UP-029
Submitted January 2, 2026 – Filed January 28, 2026

**AFFIRMED**

Howard Walton Anderson, III, of Truluck Thomason, LLC, of Greenville, for Appellant.

S. Ashley Gwin, of McAngus, Goudelock, & Courie, LLC, of Myrtle Beach, for Respondent.

**PER CURIAM:** Amber Kopanski, as guardian of minor V.K., appeals the circuit court's denial of her motion for a new trial. On appeal, Kopanski argues the circuit court abused its discretion when it denied her motion for a new trial after the jury rendered a verdict in favor of Lashauna Baker even though Baker conceded V.K.

was entitled to damages during closing arguments. We affirm pursuant to Rule 220(b), SCACR.

We hold Kopanski's argument is not preserved for appellate review. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal . . . ."); *S.C. Dep't of Transp. v. First Carolina Corp. of S.C.*, 372 S.C. 295, 301-02, 641 S.E.2d 903, 907 (2007) ("There are four basic requirements to preserving issues at trial for appellate review. The issue must have been (1) raised to and ruled upon by the trial court, (2) raised by the appellant, (3) raised in a timely manner, and (4) raised to the trial court with sufficient specificity." (quoting Jean Hoefer Toal et al., *Appellate Practice in South Carolina* 57 (2d ed. 2002))). Here, Kopanski did not argue at trial or in her post-trial motions that the statements Baker made in her closing argument amounted to a judicial admission of damages; instead, she asserts this argument for the first time on appeal. *See Miller v. Dillon*, 432 S.C. 197, 207, 851 S.E.2d 462, 468 (Ct. App. 2020) ("A party may not argue one ground at trial and an alternate ground on appeal." (quoting *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003) (per curiam)); *Herron v. Century BMW*, 395 S.C. 461, 470, 719 S.E.2d 640, 644-45 (2011) (explaining that when an "[a]ppellant can point to no instance where [its argument] was properly raised or ruled upon, to disregard our issue preservation rules under these circumstances would render them meaningless").

**AFFIRMED.**[1]

**KONDUROS, GEATHERS, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.